In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-367 CV


____________________



BUDDY DAVIS AND JANIE DAVIS, Appellants



V.



MCT CREDIT UNION, AMANDA LEBLANC, 


AND ELIZABETH HOLMES, Appellees






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-171,774






MEMORANDUM OPINION (1)


 This cause arises out of a loan transaction between MCT Credit Union ("MCT") and
Jeff Davis, deceased. Buddy and Janie Davis, Jeff's parents, brought a wrongful death action
against MCT, Elizabeth Holmes, and Amanda LeBlanc, alleging that they were negligent in
processing a loan for Jeff that allowed him to purchase property whose use resulted in his
death. Appellees filed two motions for summary judgment. In the first, all three appellees
alleged that a lender has no duty to refrain from lending in the circumstances found here. In
the second motion, Holmes and LeBlanc, MCT employees, maintained they were not
personally liable for actions taken during the course and scope of their employment. The
trial court granted summary judgment on both motions without specifying the bases for its
decisions. Bringing one issue, the Davises appeal. We affirm.

 MCT loaned Jeff Davis money for the purchase of a motorcycle. Elizabeth Holmes
and Amanda LeBlanc, as MCT's employees, assisted Jeff in securing the loan. The loan
agreement required Jeff Davis to obtain collision insurance for the motorcycle. Even though
he did not purchase collision coverage, Jeff received the loan and purchased the motorcycle. 
Tragically, Jeff later died as a result of injuries he received in a one-vehicle motorcycle
accident. The Davises maintain appellees are responsible for Jeff's accident because they
processed the loan without requiring proof of Jeff's obtaining collision insurance. (2) 

 In their sole appellate issue, the Davises contend the trial court committed "gross
error" in granting the appellees' motions for summary judgment. The Davises argue that
appellees' motions for summary judgment take "a very narrow view of the law and all of the
facts" and urge us to "adopt a much wider perspective. . . ." However, the Davises cite no
authority supporting this argument. 

 When, as here, the trial court does not state the grounds upon which it granted
summary judgment, the appealing party must show that each independent ground alleged by
the movant is insufficient to support the summary judgment granted. See Star-Telegram, Inc.
v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); see also Caldwell v. Curioni, 125 S.W.3d 784, 789
(Tex. App.--Dallas 2004, pet. denied). Here, the appellants fail to cite any cases showing
that a lender has a duty not to loan money to a borrower who acquires property on which he
is subsequently injured. In fact, appellants fail to address the "no duty" contention asserted
by all three appellants at all. In addition, while the Davises assert there are genuine issues
of disputed material fact, they fail to identify them. Thus, the Davises have failed to carry
their burden on appeal. See Doe, 915 S.W.2d at 473.

 We overrule the Davises' appellate issue and affirm the trial court's judgment.

 AFFIRMED.

 

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on April 7, 2005

Opinion Delivered April 21, 2005

Before Gaultney, Kreger and Horton, JJ.



1. Tex. R. App. P. 47.4.
2. Appellants do not allege that Jeff, a BASF employee, was a minor or otherwise
legally unable to contract.